UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANGEL O. ALVARADO AGUILERA, et als.,**
Plaintiffs,

v.  CIVIL NO. 05-1405(DRD)

**JOSE R. NEGRON, ALBA N. CORA, and
CARMEN GONZALEZ FUSTER, all in their
personal capacities,**
Defendants,

## ORDER

Before the Court is a civil action instituted pursuant to 42 U.S.C. § 1983 for the alleged deprivation of plaintiffs' supposed acquired property right to career positions within the Administration of Juvenile Institutions. According to plaintiffs' contentions, they were employees of a private corporation (Southwest Key Program) which operated the Ponce Detention and Training School from October 1998 to January 17, 2003. On said date, plaintiffs aver, co-defendant Jose Negron visited the center and met with all employees, including plaintiffs. In said meeting, Negron advised that the Administration of Juvenile Institutions ("AJI") would retake control of the Center and proceeded to assure all, including plaintiffs, that they would remain working for the AJI under temporary appointments. Plaintiffs sustain that Negron also ensured that plaintiffs would thereafter receive appointments as regular tenured employees. The temporary appointments ran from January 17, 2003 to June 30, 2003. Notwithstanding, plaintiffs continued to "hold over" their positions until April 30, 2004 when they were summarily terminated by Negron through letters of termination. All the while, plaintiffs had begun to fill out all necessary forms an documents to request the regular appointments. Based on these allegations, plaintiffs seek, to wit: 1) $6,000,000.00 for economic and emotional damages, 2) $5,000,000.00 in punitive damages, 3) attorney's fees, and 4) restitution to their positions.

Now, pending before the Court is defendants *Motion to Dismiss Pursuant to FRCivP* [sic] *12(b)(6)*. (Docket No. 16). Through said motion, defendants move the Court to dismiss the pending claims against them pursuant to Parrat v. Taylor, 451 U.S. 527 (1981) which establishes that a plaintiff must establish that the available remedies under the Commonwealth of Puerto Rico's law were inadequate to redress any deprivation they may have endured. Plaintiffs duly opposed said request. (Docket No. 20).

Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. Graham v. M.S. Connor, 490 U.S. 386, 393-394 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Saugus v.

Voutour, 474 U.S. 1100 (1986); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985).

Under the Fourteenth Amendment of the Constitution, no State shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. IV, § 1. In order to establish a procedural due process claim under 42 U.S.C. § 1983, **a plaintiff must first prove that he or she has a property interest as defined by state law** and second, that Defendants, acting under color of state law, deprived him or her of that property interest without a constitutionally adequate process. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991)(emphasis ours). In addition, the party who asserts that governmental action violates the Equal Protection Clause must show that he or she is the "victim of intentional discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

The question of whether a person has a constitutionally protected interest is answered by an independent, extra-constitutional source such as state law. Correa-Martinez v. Arrillaga Belendez, 903 F.2d 49, 53 (1st Cir. 1990)(*citing*, Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). Under Puerto Rico law, a career position is a constitutionally protected property interest. Kauffman v. Puerto Rico Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1988) (holding that former employees who held career positions in violation of the Puerto Rico Personnel Act did not even posses a legitimate expectation of continued work employment that could not be rendered null and void through a mistake in the recruiting process). However, employees appointed to trust positions or employees who are illegally hired for career positions are "neither invested nor entitled to te due process protections which inure to their legally hired counterparts." Correa-Martinez, 903 F.2d at 54 (*citing* Rosario Torres v. Hernandez Colon, 889 F.2d 314, 319 (1st Cir. 1989)); Figueroa Montes v. Foy, 272 F.Supp.2d 168 (D.P.R. 2003) (Regional Director for Center for Collection of Municipal Contributions for Humacao (CRIM) had no constitutionally protected property interest in continued employment under Puerto Rico law, where admitted facts revealed that he occupied trust position.).

Particular to the instant case, this district has consistently held that the existence of a property interest in continued employment, which is in essence what plaintiffs are arguing herein, depends upon whether it was reasonable for the employee to believe, based upon **either statute or employment contract**, that he could rely on continued employment. *See* Ortiz Pinero v. Rivera Acevedo, 900 F.Supp. 574, 581 (D.P.R. 1995; *see also* Portela Gonzalez v. Secretary of Navy, 913 F.Supp. 122, 127 (D.P.R. 1996) *aff'd*, 109 F.3d 74 (1st Cir. 1997); Ruiz Sulsona v. Univ. of P.R., Civil 98-1758(JAG), 2002 U.S. Dis. LEXIS 10600 (D.P.R. Feb. 8, 2002). Moreover, both under Puerto Rico law and First Circuit's precedent interpreting the Commonwealth's law, "transitory employees **generally do not have a property interest in continued employment beyond the yearly term of the appointment.**" Pagan Cuevas v. Vera Monroig, 91 F.Supp.2d 464, 471 (D.P.R. 2000) (citing Nieves Villanueva v. Soto Rivera, 133 F.3d 92, 94 (1st Cir. 1994) citing Caro v. Aponte Roque, 878 F.2d 1, 4-5 (1st Cir. 1989)) (emphasis added).

By plaintiffs' own admissions, they were hired by the AJI on an a temporary basis. Furthermore, plaintiffs themselves accept that the temporary appointments expired on June 30,

2003.  Hence, regardless of the fact that they continued to "hold over" said positions until termination on April 30, 2004, occupying temporary appointments with the AJI, plaintiffs do not have either a legitimate expectation of continued employment or a recognized property interest in the same.  Not having a reasonable expectation under state law or employment contract of retaining employment (be it of a temporary or a career nature), plaintiffs' due process claims must, and do, fail.

For the reasons stated above, the Court now **DISMISSES WITH PREJUDICE** all claims against all defendants.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April of 2006.

s/ Daniel R. Dominguez  
**DANIEL R. DOMINGUEZ**  
**U.S. DISTRICT JUDGE**